## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL L. MARTINEZ, | No. 4:20-CV-00971 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| DEREK OBERLANDER, | |
| Respondent. | |

## MEMORANDUM OPINION

**APRIL 14, 2023**

Petitioner Angel L. Martinez, ("Martinez"), an inmate confined in the Forest State Correctional Institution, Marienville, Pennsylvania, files the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging convictions and sentences imposed in the Court of Common Pleas of York County in criminal cases CP-67-CR-0001838-2013; CP-67-CR-0001839-2013; CP-67-CR-0002199-2012.

For the reasons set forth below, the petition for writ of habeas corpus, which is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA"), will be denied.

## I.    BACKGROUND

The relevant facts and procedural history, extracted from the Pennsylvania Superior Court's April 14, 2021 decision, affirming the denial of Martinez' PCRA petition, are as follows:

The PCRA court summarized the testimony presented at Appellant's jury trial as follows:

> The first witness that testified at trial was [S.M.,] Appellant's middle daughter and one of eight siblings. From the age of 11 to 14[,] Appellant sexually molested her with his tongue, fingers and genitals on a weekly basis. The victim did not remember the exact dates of when these events began or ended.
>
> . . . Appellant's oldest daughter[, Kr.M.] testified . . . Appellant first raped her when she was 14 years old. This occurred approximately every other week until she was 17 years old.
>
> . . . Appellant's youngest daughter, [Ka.M.], testified . . . Appellant first raped her when she was 11 or 12 years old. She testified that he penetrated her vagina with his finger multiple times, and his genitals once. She could not remember when he stopped.
>
> All three victims stated that they never wanted their father to touch them in this way, that their father told them not to tell anyone else about his conduct, and that he bribed them with electronics and money to keep them quiet.

PCRA Ct. Op., 8/5/20, at 3-4 (record citations omitted).

Appellant was charged with multiple sexual offenses at three separate dockets — one for each victim. The cases were consolidated for a jury trial which was conducted in December of 2013. Appellant was represented at trial by Joshua Neiderhiser, Esq. On December 13, 2013, the jury found him guilty of the following offenses:

(1)  <u>Trial Docket No. CP-67-CR-0002199-2012</u> (victim S.M.): rape of a child, aggravated indecent assault of a child, indecent assault (victim less than 13 years of age), involuntary deviate sexual intercourse with a child, sexual assault, incest, and unlawful contact with a minor;[1]

(2)  <u>Trial Docket No. CP-67-CR-0001839-2013</u> (victim Kr.M.): rape,[2] sexual assault, indecent assault (victim less than 16 and defendant four or more years older),[3] corruption of minors,[4] terroristic threats,[5] and unlawful contact with a minor; and

(3)  <u>Trial Docket No. CP-67-CR-0001838-2013</u> (victim Ka.M.): aggravated indecent assault of a child, indecent assault (victim less than 13 years of age), sexual assault, incest, and unlawful contact with a minor.

On March 27, 2014, the trial court sentenced Appellant, across all three dockets, to an aggregate term of 81½ to 163 years' imprisonment.[6] Several of the sentences were mandatory minimum terms imposed pursuant to 42 Pa.C.S. § 9718 ("Sentences for offenses against infant persons"). Attorney Neiderhiser filed a post-sentence motion, which the court granted only to the extent it gave Appellant credit for time served. *See* Order, 6/9/14. Appellant filed a timely direct appeal. Meanwhile, on May 12, 2014, Farley Holt, Esquire, entered his appearance as appellate counsel.

On January 26, 2015, a panel of this Court dismissed Appellant's appeal when Attorney Holt failed to file a brief. *See Commonwealth v. Martinez*, 1107 MDA 2014 (Pa. Super. Jan. 26, 2015). On August 12, 2015, Attorney Holt filed a motion for a new trial, in which he averred he was in possession of after-discovered evidence, namely, a notarized statement by S.M., recanting her trial testimony. *See* Motion for New

---

[1]  18 Pa.C.S. §§ 3125(b), 3126(a)(7), 3124.1, 4302, 6318(a)(1).
[2]  18 Pa.C.S. § 3121(a).
[3]  18 Pa.C.S. § 3126(a)(8).
[4]  18 Pa.C.S. § 6301(a)(1).
[5]  18 Pa.C.S. § 2706(a)(1).
[6]  The court also determined that Appellant met the criteria for classification as a sexually violent predator. See 42 Pa.C.S. §§ 9799.58

Trial, 8/12/15, at 3-6. At an October 5, 2015, hearing, Attorney Holt made an oral request to withdraw because the Commonwealth indicated he might be called as a witness with regard to S.M.'s signing of the affidavit. *See* N.T., 10/5/15, at 2-5. The trial court permitted Attorney Holt to withdraw and subsequently appointed Heather Reiner, Esquire, as new PCRA counsel. At a hearing conducted on October 26, 2015, the parties agreed Attorney Holt was ineffective for failing to file a brief, and the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*. Order, 10/26/15, at 1-2; N.T., 10/26/15, at 2-4. Appellant filed a direct appeal *nunc pro tunc* on November 12, 2015.

Thereafter, on October 14, 2016, this Court affirmed Appellant's convictions, but vacated his judgments of sentence, concluding that the mandatory minimum terms imposed pursuant to Section 9718 were unconstitutional under *Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("[A]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.").[7] *See Commonwealth v. Martinez*, 1994 MDA 2015 (unpub. memo at 5-7) (Pa. Super. Oct. 14, 2016). Upon remand for resentencing, on February 3, 2017, the trial court, once again, imposed an aggregate term of 81½ to 163 years' imprisonment, albeit absent any mandatory minimum sentences. No appeal was filed following the resentencing.

On December 19, 2017, Appellant filed a timely, *pro se* PCRA petition, asserting multiple claims of trial counsel's ineffectiveness. J. Richard Robinson, Esquire, was appointed as PCRA counsel. On May 21, 2018, Attorney Robinson filed a motion for continuance and supplemental PCRA petition, in which he raised a claim that "[p]rior counsel was ineffective in failing to assert or allege [S.M.] did recant her testimony and prior statement that [Appellant] committed the acts upon" her. Appellant's Second Motion for Continuance and Supplemental Petition Pursuant to the Post Conviction Collateral Relief Act, 5/21/18, at 3. The document also stated that Appellant would call S.M., Attorney Holt, and himself as witnesses at a PCRA hearing. *Id*. at 3-4.

The PCRA court conducted an evidentiary hearing on August 20, 2018. Attorney Robinson stated he was not proceeding on two of the ineffectiveness claims raised in Appellant's *pro se* petition — trial counsel's ineffectiveness for failing to request an interpreter and for

---

[7]  *See Commonwealth v. Wolfe*, 140 A.3d 651, 663 (Pa. 2016) (Section 9718 is unconstitutional under Alleyne).

failing to poll the jury. N.T. PCRA H'rg, 8/20/18, at 5. The only two witnesses who testified at the hearing were S.M. and Appellant himself; Appellant did not call any of his purportedly deficient prior attorneys to testify. At the conclusion of the hearing, the PCRA court denied all relief. *See id*. at 37; Order, 8/20/18. Appellant filed an appeal to this Court, listing all three docket numbers on his notice of appeal.

While that appeal was pending, on July 15, 2019, Appellant filed a petition for relief, asserting Attorney Robinson was ineffective for failing to "properly raise issues" in the PCRA court, or "properly amend" Appellant's petition. *See* Appellant's Petition for Relief Pursuant to Pa.R.A.P. 123, 7/15/19, at 1, 4. Notably, Appellant pointed out that Attorney Robinson failed to call Appellant's prior attorneys as witnesses at the hearing. *Id*. at 4. The PCRA court summarily dismissed the filing, which it properly construed to be a serial PCRA petition, because Appellant's appeal from the denial of relief with regard to his first petition was pending before this Court. Order, 8/26/19.

On October 18, 2019, this Court quashed Appellant's appeals from the August 26th order denying PCRA relief, after determining his single notice of appeal violated the Pennsylvania Supreme Court's ruling in *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018) (separate notices of appeal must be filed when a single order resolves issues arising on more than one trial court docket). *See Commonwealth v. Martinez*, 1558 EDA 2018, 1559 EDA 2018, 1560 EDA 2018 (unpub. memo. at 5) (Pa. Super. Oct. 18, 2019), *appeals denied*, 703 MAL 2019, 704 MAL 2019, 705 MAL 2019 (Pa. Apr. 28, 2020). Subsequently, on April 28, 2020, the Pennsylvania Supreme Court denied Appellant's petitions for allowance of appeal. *See id.*

On May 26, 2020, Appellant filed a serial PCRA petition, requesting reinstatement of his right to appeal the denial of his first PCRA petition. *See* Appellant's Post Conviction Relief Act Petition, 5/26/20, at 14. Appellant asserted Attorney Robinson rendered ineffective assistance when he failed to properly file separate notices of appeal. *See id*. at 9-10. On June 11, 2020, the PCRA court entered an order granting Appellant relief. Specifically, the court reinstated Appellant's right to appeal from the August 26, 2018, order denying first PCRA petition, and appointed Aaron Holt, Esquire, as PCRA counsel. *See* Order,

6/11/20. On June 24, 2020, Attorney Holt filed three separate notices of appeal *nunc pro tunc*, one at each trial court docket.[8]

Counsel's *Turner/Finley* brief addresses the following claims on appeal:

1.     Did the [PCRA] Court err when it held that Trial Counsel was not ineffective and therefore [Appellant] was not entitled to relief for failing to have an interpreter appointed for [Appellant]?

2.     Did the PCRA Court err when it held that Trial Counsel was not ineffective and therefore [Appellant] was not entitled to relief for failing to inform [Appellant] that the sentences for the charges in this matter could be run consecutively when advising [Appellant] regarding accepting a plea bargain?

3.     Did the PCRA Court err when it held that Trial Counsel was not ineffective and therefore [Appellant] was not entitled to relief, for failing to impeach a witness with prior inconsistent statements?

4.     Did the PCRA Court err when it held that Trial Counsel was not ineffective and therefore [Appellant] was not entitled to relief, when Trial Counsel failed to poll the jury?

5.     Did the PCRA Court err when it held that Appellate Counsel was not ineffective and therefore [Appellant] was not entitled to relief, when Counsel failed to raise issues that were preserved for appeal by Trial Counsel?

6.     Did the PCRA Court err when it held that the Re-Sentencing Court did not impose an illegal sentence when it failed to merge certain chares for sentencing purposes?

---

[8]   Appellant complied with the PCRA court's directives and filed three, identical statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

>    7.    Did the PCRA court err when it declined to consider
>           [Appellant's] second PCRA Petition, as he had
>           appealed the denial of his first petition and therefore
>           the PCRA Court lacked jurisdiction?[9]

In a Memorandum Opinion filed April 14, 2021, the Superior Court affirmed, finding counsel properly complied with the procedural requirement of *Turner/Finley*, and that the issues Petitioner sought to pursue on appeal were without merit.[10]

Presently before the Court for review is Martinez' federal petition, in which he raises the following issues of ineffective assistance of counsel:

> 1.  Trial counsel rendered ineffective assistance of counsel for failing to present and communicate to petition two plea offers offered by the Commonwealth, denying Petitioner his Sixth and Fourteenth Amendment rights to effective assistance of counsel.
>
> 2. Trial counsel and PCRA counsel were ineffective for failing to object or raise Petitioner's resentence as vindictive in violation of *North Carolina v. Pearce*, 395 U.S. 711 (1969).[11]

For relief, Petitioner requests this Court "vacate Petitioner's sentence and remand for sentencing less the amount of the mandatory-minimums, or in the alternative, grant Petitioner an evidentiary hearing so that he may be able to prove sentencing and PCRA counsels' ineffectiveness.[12]

---

[9]   Doc. 18-1 at 3-9.

[10]  *Id.*

[11]  Doc. 1.

[12]  *Id.*

## II.    DISCUSSION

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper

mechanism for a prisoner to challenge the "fact or duration" of his confinement.[13]

Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act

of 1996, Pub.L.No. 104-132, 110 Stat. 1214, April 24, 1996 ("AEDPA").  28

U.S.C. § 2254, provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> ...
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding....[14]

Section 2254 sets limits on the power of a federal court to grant an application for

a writ of habeas corpus on behalf of a state prisoner.[15]  A federal court may

consider a habeas petition filed by a state prisoner only "on the ground that he is in

---

[13]  *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).

[14]  28 U.S.C. § 2254.

[15]  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014).

custody in violation of the Constitution or laws or treaties of the United States."[16] This limitation places a high threshold on the courts.  Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings resulted in a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure.[17]

Finally, a federal habeas court may not consider a petitioner's claims of state law violations; review is limited to issues of federal law.[18]

## A.    Merits Analysis

Under the AEDPA, federal courts reviewing a state prisoner's application for a writ of habeas corpus may not grant relief "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the claim (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[16]  28 U.S.C. § 2254(a).

[17]  *See, e.g., Reed v. Farley*, 512 U.S. 339, 354 (1994).

[18]  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.").

proceeding."[19]

"[B]ecause the purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction,"[20] "[t]his is a difficult to meet and highly deferential standard . . . which demands that state-court decisions be given the benefit of the doubt."[21] The burden is on Martinez to prove entitlement to the writ.[22]

A decision is "contrary to" federal law if "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."[23] "[A] state court decision reflects an 'unreasonable application of such law' only 'where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents,' a standard the Supreme Court has advised is 'difficult to meet' because it was 'meant to be.' [*Harrison v.*] *Richter*, 562 U.S. 86, [ ] 102, 131 S.Ct. 770.

As the Supreme Court has cautioned, an 'unreasonable application of federal law is different from an incorrect application of federal law,' *Richter*, 562 U.S. at

---

[19] 28 U.S.C. § 2254(d).

[20] *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (internal quotations and citations omitted),

[21] *Cullen*, 563 U.S. at 181(internal quotation marks and citation omitted).

[22] *Id.*

[23] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

101, 131 S.Ct. 770 (quoting *Williams*, 529 U.S. at 410, 120 S.Ct. 1495), and

whether we 'conclude[ ] in [our] independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly' is

irrelevant, as AEDPA sets a higher bar. *Williams*, 529 U.S. at 411, 120 S.Ct.

1495."[24]  A decision is based on an "unreasonable determination of the facts" if the

state court's factual findings are objectively unreasonable in light of the evidence

presented to the state court.[25]

Finally, Section 2254(e) provides that "[i]n a proceeding instituted by an

application for a writ of habeas corpus by a person in custody pursuant to the

judgment of a State court, a determination of a factual issue shall be presumed to

be correct.  The applicant shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

### B.    Ineffective Assistance of Counsel

Martinez raises two ineffective assistance of counsel claims.  The clearly

established ineffective assistance of counsel standard as determined by the

Supreme Court of the United States is as follows:

> Ineffective assistance of counsel claims are "governed by the familiar
> two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104
> S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Shelton v. Carroll*, 464 F.3d 423,
> 438 (3d Cir. 2006) (citing *Wiggins v. Smith*, 539 U.S. 510, 521, 123
> S.Ct. 2527, 156 L.Ed.2d 471 (2003)). For AEDPA purposes, the
> *Strickland* test qualifies as "clearly established Federal law, as
> determined by the Supreme Court." *Williams*, 529 U.S. at 391, 120

---

[24]  *Mathias v. Superintendent Frackville, SCI*, 876 F.3d 462, 476 (3d Cir. 2017).
[25]  *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

S.Ct. 1495. Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different. 466 U.S. at 687, 104 S.Ct. 2052.  For the deficient performance prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. at 688, 104 S.Ct. 2052. This review is deferential:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance....

> *Id*. at 689, 104 S.Ct. 2052

> Not every "error by counsel, even if professionally unreasonable, ... warrant[s] setting aside the judgment of a criminal proceeding." *Id*. at 691, 104 S.Ct. 2052. "Even if a defendant shows that particular errors of counsel were unreasonable, ... the defendant must show that they actually had an adverse effect on the defense"; in other words, the habeas petitioner must show that he was prejudiced by counsel's deficient performance. *Id*. at 693, 104 S.Ct. 2052. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. 2052.

In assessing an ineffective assistance of counsel claim, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding.... In every case the court should be concerned with whether ... the result of the particular proceeding is unreliable because of a

breakdown in the adversarial process that our system counts on to produce just results." *Id*. at 696, 104 S.Ct. 2052.[26]

When the state court has decided the claim on the merits, "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' "[27]  "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[28]

The Superior Court stated that the proper standard governing ineffective assistance of counsel claims is as follows:

> In order to overcome that presumption, "a PCRA petitioner must plead and prove that: (1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and, (3) counsel's action or inaction resulted in prejudice to petitioner." *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015).

> In determining whether counsel had a reasonable basis, the issue is not "whether there were other more logical courses of action which counsel could have pursued[,]" but "whether counsel's decisions had any reasonable basis." *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014) (citations omitted). If it is a matter of strategy, we will not find a lack of reasonable basis unless "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014). In order to demonstrate prejudice, "a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." *Mason, supra* at

---

[26]  *Rainey v. Varner*, 603 F.3d 189, 197–98 (3d Cir. 2010).

[27]  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).*

[28]  *Id*.

389. All three prongs of the test must be satisfied in order for a petitioner to be entitled to relief. *Id*.[29]

The United States Court of Appeals for the Third Circuit has specifically held that the very ineffectiveness assistance of counsel test relied upon by the Superior Court in this matter is not contrary to the Supreme Court's Strickland standard.[30]  Therefore, the Court finds that the Superior Court's decision is not contrary to *Strickland*.

I also consider whether the state courts' disposition of Petitioner's ineffective assistance of counsel claims involved an unreasonable application of *Strickland* or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state courts.

### 1.    Trial counsel was ineffective in failing to convey plea offers.

Martinez argues that "trial counsel received two plea offers from the Commonwealth's Assistant District Attorney, Charles Murphy, prior to trial which he never presented to Petitioner, and which obviously had lapsed or expired."[31]  As a general rule, defense counsel has the duty to communicate formal offers from the prosecution, and failure to do so may constitute constitutionally deficient performance by counsel.[32]  To demonstrate *Strickland* prejudice as a result of such

---

[29]   *Commonwealth v. Diaz*, 1965 EDA 2019 at 5-6, 237 A.3d 436, 2020 WL 2200741 (Pa. Super. 2020) (unpublished memorandum).

[30]   *See Werts v. Vaughn*, 228 F.3d 178, 204 (3d Cir. 2000).

[31]   Doc. 1 at 8.

[32]   *Missouri v. Frye*, 566 U.S. 134, 147 (2012).

failure, the defendant "must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."[33]

Here, the record supports a finding that Martinez is quite mistaken that he was unaware of the plea offer as the Commonwealth's offers were placed on the record prior to trial, and in his presence, as follows:

> **ATTORNEY MURPHY**: Your Honor, the next matters before the Court are Commonwealth versus Angel Martinez, Case Number 2199 of 2012 , 1838 of 2013 , and 1839 of 2013 . This is the time and date set for a criminal jury trial. The Defendant is present represented by Attorney Neiderhiser. I believe we are both ready and prepared to pick a jury. Prior to doing that, Commonwealth would like to put a few things on the record.
>
> First thing would be that Defendant has not requested and Attorney Neiderhiser has determined he is not in need of a Spanish interpreter, as well as Commonwealth did make an offer in this case, actually two offers. Based on the three cases together, if I did my math correctly, the Defendant is facing mandatories that could reach up to 50 to a hundred years based on the charges and ages of the victims The two offers provided by the Commonwealth were 20 years to 40 years and 15 to 50 years.
>
> **THE COURT:** Okay.

---

[33]  *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

**ATTORNEY MURPHY:** So that is on the record.

**THE COURT:** All right. Thank you . Mr. Martinez?

**THE DEFENDANT:** Yes, sir.

**THE COURT:** You don't think you need an interpreter?

**THE DEFENDANT:** No, sir.

**THE COURT:** Okay. If at any point in the proceeding you come to feel, you know what, I made a mistake, I need an interpreter, you let your lawyer know, and we will make that happen right away. Okay?

**THE DEFENDANT:** Okay.

**THE COURT:** All right. Defense, do you need to put anything on the record at this point?

**ATTORNEY NEIDERHISER:** Not at this time, Your Honor, no.[34]

On appeal, the Superior Court addressed Petitioner's claim as follows:

Next, Appellant insists trial counsel was ineffective for failing to inform him his sentences could be imposed consecutively while advising him regarding a plea offer. At the beginning of Appellant's jury trial, the Commonwealth informed the trial court that it made two offers to Appellant, "20 years to 40 years and 15 to 50 years." N.T., Jury Trial, at 3. There was no further discussion of the plea offers. Nevertheless, during the PCRA hearing, Appellant testified that trial counsel never informed him his sentences could be imposed consecutively, and never told him about a plea offer. N.T., PCRA Hrg, at 24-25. However, he acknowledged he was not "planning on plead[ing] guilty." *Id*. at 29. When a petitioner argues counsel's ineffectiveness caused him to reject a plea offer, he must demonstrate

> [b]ut for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., **that the defendant would have accepted the**

---

[34]   Doc. 18 at 12-13.

> plea and the prosecution would not have withdrawn it in light
> of intervening circumstances), that the court would have
> accepted its terms, and that the conviction or sentence, or both,
> under the offer's terms would have been less severe than under
> the judgment and sentence that in fact were imposed.

*Commonwealth v. Steckley*, 128 A.3d 826, 832 (Pa. Super.
2015)(emphasis added), quoting *Lafler v. Cooper*, 566 U.S. 156, 164
(2012).

> Here, by testifying he did not plan to plead guilty, Appellant has
> failed to demonstrate that but for counsel's ineffectiveness, he would
> have accepted the Commonwealth's plea offer. *See* N.T., PCRA
> H'rg, at 29. Thus, this claim warrants no relief. *See Steckley*, 128 A.
> 3d at 832.[35]

Petitioner has also failed to present any additional evidence showing his

trial counsel failed to convey a plea offer to him.[36]  Moreover, Martinez has failed

to establish the prejudice articulated by the Supreme Court in *Lafler v. Cooper*.  As

such, his ineffective assistance of counsel claim on this basis lacks merit.

**2.    Sentencing counsel and PCRA counsel were ineffective for
failing to object or raise Petitioner's resentence as vindictive
in violation of *North Carolina v. Pearce*, 395 U.S. 711 (1969).**

Petitioner's second claim is that sentencing counsel and PCRA counsel

"rendered ineffective assistance of counsel for failing to raise sentencing counsel's

ineffectiveness where sentencing counsel failed to object to the vindictive sentence

---

[35]  Doc. 18-1 at 11-12.

[36]  *See Johnson v. Zerbst*, 304 U.S. 458, 468 (1938) (federal habeas petition has burden of proving
his claim); *Goins v. Brierly*, 464 F.2d 947, 949 (3d Cir. 1972) (habeas petitioner must prove
facts in support of claim).

imposed by the sentencing court in violation of *North Carolina v. Pearce*, 395 U.S.

711 (1969)."[37]  Specifically, Petitioner states that:

> On February 3, 2017, Petitioner was resentenced after he was granted
> relief by the Pennsylvania Superior Court due to his sentence being in
> violation of *Alleyne v. United States*, 570 U.S. 99 (2013).  Petitioner
> was originally sentenced to 81½ to 163 years of incarceration and upon
> the Superior Court finding that Petitioner's sentence was illegal
> pursuant to *Alleyne,* the Superior Court vacated Petitioner's sentence
> and remanded for resentencing. At resentencing, the sentencing court
> resentenced Petitioner to the very same sentence without putting on the
> record why it gave the same sentence when the sentence should have
> been reduced less the mandatory minimums.[38]

The Due Process Clause prohibits judicial vindictiveness against a defendant

"for having successfully attacked his first conviction ... in the sentence he receives

after a new trial."[39]  The presumption of vindictiveness "may be overcome only by

objective information in the record justifying the increased sentence."[40]  The burden

of proof falls on the prosecutor or sentencing tribunal when the presumption of

vindictiveness applies.[41]  The presumption of vindictiveness is not triggered "when

the aggregate sentence is less than that originally imposed...."[42]  "When there is no

such reasonable likelihood [of judicial vindictiveness], the burden remains upon the

defendant to prove actual vindictiveness."[43]

---

[37]  Doc. 1 at 23.

[38]  *Id.*

[39]  *Alabama v. Smith*, 490 U.S. 794, 798 (1989) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969) ).

[40]  *Wasman v. United States*, 468 U.S. 559, 565 (1984).

[41]  *Id.* at 569.

[42]  *United States v. Nerius*, 824 F.3d 29, 32 (3d Cir. 2016) (quoting *Kelly v. Neubert*, 898 F.2d 15, 16, 18 (3d Cir. 1990) ).

[43]  *Wasman*, 468 U.S. at 799-800.

In Pennsylvania, the trial court, as a matter of law, has discretion to modify its own sentence in response to a motion for reconsideration of sentence.[44]  However, any increase in sentence cannot be the result of judicial vindictiveness.[45]  "[I]n the absence of a presumption of vindictiveness, the defendant must affirmatively prove actual vindictiveness."[46]

At the initial sentencing, the trial judge imposed a sentence of 81½ to 163 year sentence that included mandatory minimum terms.  Thereafter, on October 14, 2016, the Superior Court vacated Petitioner's sentences, concluding that the mandatory minimum terms imposed pursuant to Section 9718 were unconstitutional under *Alleyne*.  On February 3, 2017, the trial court resentenced Petitioner to the same aggregate term of 81½ to 163 years, absent any mandatory minimum sentences.

In denying Petitioner's illegal sentence claim, the Superior Court found the following:

> Next, Appellant contends the trial court imposed an illegal sentence at the resentencing hearing, when it failed to merge convictions for sentencing purposes. Although Appellant does not specify which convictions should have merged, "we note that merger is a nonwaivable challenge to the legality of i) the sentence.' *Commonwealth v. Pettersen*, 49 A.3d 903, 911 (Pa. Super. 2012). Such claims are 'never waived and may be the subject of inquiry by an appellate court *sua sponte*." *Commonwealth v. Kitchen*, 814 A.2d 209, 214 (Pa. Super. 2002), aff'd, 839 A.2d 184 (Pa. 2003).

---

[44]  *See Commonwealth v. Robinson*, 931 A.2d 15, 24 (Pa. Super. 2007) (*en banc*).

[45]  *Commonwealth v. Greer*, 554 A.2d 980, 987 n. 7 (Pa. Super. 1989) (applying *Pearce*, 395 U.S. 711).

[46]  *Commonwealth v. Tapp*, 997 A.2d 1201, 1205 (Pa. Super. 2010) (citations omitted).

The statute governing the merger of convictions for sentencing purposes states:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765 (emphasis added).

Upon our review of the record, including the trial court's statements at both Appellant's original sentencing on March 27, 2014, and his resentencing on February 3, 2017, we conclude no relief is warranted. Indeed, each victim testified that Appellant sexually assaulted her on multiple occasions. *See* N.T., Jury Trial, at 129-31 (S.M. testifying Appellant assaulted her "two or three times a week' from ages 11 to 14); 144, 149 (Kr.M testifying Appellant raped her "every other week" from the ages of 14 to 17); 174-75, 178-80 (Ka.M. testifying Appellant sexually assaulted her "more than once" beginning when she was "11 or 12," and did so "[w]henever he felt like it"). Further, the court's comments at the sentencing hearings reveals it was cognizant of merger principles, but concluded the crimes did not merge because they either involved separate acts, or had different statutory elements. *See* Sentencing Order, 3/27/14, at 19-26; Sentencing Order, 2/3/17, at 11-20. Thus, Appellant is entitled to no relief.[47]

Petitioner has failed to establish a claim for ineffective assistance of sentencing counsel because the Superior Court expressly determined that his claim of illegal sentence was without merit. Furthermore, the trial court did not increase Petitioner's sentence at resentencing and, thus, the "presumption of vindictiveness" was not triggered.[48]

---

[47] Doc. 18-1 at 17-18.
[48] *See Pearce*, 395 U.S. 711; *Nerius*, 824 F.3d at 32.

This Court finds that counsel's decision not to object to a meritless claim and PCRA counsel's[49] decision to forego raising a meritless claim did not violate professional norms.[50]  As such, counsel's failure to object to a meritless claim could not have prejudiced Petitioner.[51]  Petitioner is not entitled to habeas relief on his second claim.

## III.   CERTIFICATE OF APPEALABILITY

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.' "[52]  "Where a district court has rejected the constitutional claims on the merits, ... the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[53]

---

[49]   Additionally, the Court finds that claims of ineffective assistance of PCRA counsel are not cognizable in federal habeas proceedings.  *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel in collateral post-conviction proceedings); *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) (no constitutional right to counsel on appeal from initial collateral post-conviction proceedings).

[50]   *See Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) ("Appealing losing issues 'runs the risk of burying good arguments ... in a verbal mound made up of strong and weak contentions.' ") (citations omitted).

[51]   *See Strickland*, 466 U.S. 668.

[52]   *Tomlin v. Britton*, 448 Fed.Appx. 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)).

[53]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set forth in this memorandum opinion, Petitioner has not made a substantial showing of the denial of a constitutional right or that jurists of reason would find it debatable that Court's assessment of the claims debatable or wrong.  Accordingly, a COA will not issue.

## IV.   CONCLUSION

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus.

An appropriate Order follows.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
Chief United States District Judge
